Agnes Krull, Appellee, v. Eden A. Rose, Appellant.

Filed February 28, 1911.   No. 16,239.

1. Indians: Lease of Land: Improvements: Removal: Injunction. A tenant under a lease of lands allotted to a member of an Indian tribe, which lease provides that all improvements put upon the land by the tenant during the term shall remain upon the land and be considered as having been placed thereon by the tenant as part consideration for the lease, will be enjoined from removing such improvements from the land at the end of his term.

2. ——: ——: ——: ——: ——. In an action to enjoin him from so doing, the fact that he first entered into possession of the land under an assignment of a lease which was duly authorized and contained such provision, but which assignment was

void because not authorized by the proper officers of the government, and placed improvements on the land both while in possession under such void assignment and under the subsequent valid lease, is no defense.

APPEAL from the district court for Thurston county: GUY T. GRAVES, JUDGE. *Affirmed.*

*J. A. Singhaus,* for appellant.

*O. C. Anderson, H. L. Keefe* and *F. Dolezal, contra.*

SEDGWICK, J.

This defendant made certain improvements upon land in Thurston county which he held under a lease, and at the end of his term this action was brought in the district court for that county to restrain him from removing these improvements from the land. The district court found in favor of the plaintiff and entered a decree accordingly. The defendant has appealed.

There is a stipulation in the bill of exceptions, and also a stipulation filed in this court, in which certain exhibits are mentioned as exhibits A, B, C, and D, and are described. We find exhibits so marked attached to the record, but they do not correspond with the description in the stipulations referred to. There are also four exhibits in an envelope which is attached to the record. From these circumstances, and from the manner in which the record is made up, we do not feel certain that we have discovered the precise question that was determined by the trial court.

As we understand the record, the controversy is in regard to lands that were allotted by the government to one Harriet Wolf, a member of the Omaha tribe of Indians, and the land was conveyed to her by patent from the government in 1884. Afterwards, the said Harriet Wolf being deceased, her heirs, with the approval of the proper officers, as the law in regard to conveyances of Indian lands required, leased these lands to the defendant. This

lease was executed in September, 1899. It is attached to the record and marked as exhibit C, but is not so described in the stipulation. This lease, as is usual in such cases, contains the agreement that "he (the lessee who was this defendant) will not remove therefrom any houses, buildings, fences, or other improvements erected thereon during the time for which said land is hereby leased by him, but said houses, buildings, fences, or other improvements shall remain a part of said land and become the property of the party of the first part as a portion of the consideration for this lease in addition to the other considerations herein named, and that he will surrender and return said land and premises at the expiration of this lease in as good condition as when received, ordinary wear and tear in the proper use of the same for the purpose hereinbefore indicated and unavoidable accidents excepted." These lands when allotted to the Indians by the government were usually wild, without any improvements thereon, and the policy of the government was to have the lands improved, and when they are leased the rental to be paid therefor is not large and is fixed with a view to this policy of the government, the expectation being that the tenant will improve the land and that all improvements will remain upon the land as provided in the lease. The said lease was for three years and expired on the 1st day of January, 1903. Afterwards, in September, 1902, another lease was made by the same parties to the defendant for another term of three years, which expired on the 1st day of January, 1906. This lease was in the same form and contained the same stipulations. The improvements made by tenant consisted of buildings and other improvements that, as between landlord and tenant, are usually considered, in the absence of stipulations to the contrary, to be the property of the tenant to be removed by him at the end of his term; but under the express stipulations of these leases there can be no such right on the part of the tenant.

As we understand the brief of the defendant, it is sought

to avoid this construction of his agreement by the following consideration: It appears that after the death of the allottee her heirs first leased the premises to one Farley, who assigned his lease, and his assignee, or the said Farley, afterwards assigned it to this defendant, and the defendant was in the possession of the lands under this assignment at the time that he entered into the lease directly with the heirs of the allottee, as above stated. The lease from the heirs to Farley contained the usual provision in regard to improvements above quoted, and his first assignment was approved by the government. The assignment of that lease to this defendant was not approved by the proper officers of the government. From this circumstance it is argued, as we understand the brief, that the defendant had no contract when he first went into possession of the land, since an assignment of such a lease without the approval of the government is void, and that therefore he was to be regarded as a mere trespasser when he first went into possession of the land, and as such was not bound by the covenants in the Farley lease, and that, as he made some of the improvements in question while he was so in possession as a trespasser, his title to such improvements could not be questioned. Without determining whether he could avail himself of the invalid assignment of the Farley lease, and take possession thereunder, and then repudiate its conditions and so assume the position of a trespasser, or, if he could, what his rights as a trespasser upon this real estate would be in these improvements, we think that by entering into these two leases with the approval of the government, and holding the land thereunder for six years without making any claims to improvements placed thereon prior to entering into these leases, he has waived any such technical defenses, if they ever existed in his favor, and is now bound by the terms of the leases under which he holds.

It follows that the judgment of the district court is right, and it is therefore

AFFIRMED.